**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**

**_______________________________/**

# O R D E R

Plaintiff, proceeding pro se, initiated this case by filing a complaint pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706. Plaintiff's complaint seeks declaratory and injunctive relief, ECF No. 1. Simultaneously with the filing of the complaint, Plaintiff also filed a motion for in forma pauperis status, ECF No. 2. Good cause having been shown, Plaintiff's in forma pauperis motion is granted and Plaintiff is not required to pay the $405 filing fee for this case.

Prior to the Court's review of that motion, Plaintiff filed a first amended complaint. ECF No. 5. Again, Plaintiff seeks declaratory and injunctive relief only, and seeks judicial review of the final agency action of the Board for Correction of Naval Records. ECF No. 5 at 1. Plaintiff asserts that the Board denied his "application under 10 U.S.C. § 1552 for correction of his naval record." ECF No. 5 at 1. Plaintiff contends this action was timely filed "well within the six-year period of 28 U.S.C. § 2401(a)." *Id.* at 6. He further asserts that "[t]he authority to correct naval records under 10 U.S.C. § 1552 runs to the Secretary" of the Navy and the Board for Correction of Naval Records is the "civilian board through which the Secretary exercises the correction authority conferred by 10 U.S.C. § 1552." *Id.* at 7. According to Plaintiff, the agency decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A)." *Id.* at 38. He requests the agency decision be vacated, set aside, and this case remanded to the Secretary of the Navy. *Id.*

A federal district court has authority to review the decision of a military board of correction under the Administrative Procedure Act (APA). 5 U.S.C. § 702, *et seq*.; Chappell v. Wallace, 462 U.S. 296, 303, 103 S. Ct.

2362, 2367, 76 L. Ed. 2d 586 (1983) ("Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence"); *see also* 5 U.S.C. § 706(2)(A),(E).

At this point, it cannot be said that Plaintiff's factual allegations are insufficient to alert the Defendant to the nature and basis of Plaintiff's claims. Plaintiff is permitted to proceed with the first amended complaint as filed, and the remainder of this Order provides Plaintiff with guidance as to the requirements of service.

Plaintiff is responsible for serving the complaint and summons on the named Defendant.[1] FED. R. CIV. P. 4(c)(1). The Defendant must be served with a copy of the first amended complaint [hereinafter "complaint"] as filed with this Court and a summons which will be issued by the Clerk of Court. The service copy of Plaintiff's complaint must be identical to the complaint, ECF No. 5, as filed with this Court, including all attachments. Fed. R. Civ. P. 4(c)(1). The Clerk of Court shall provide Plaintiff with a summons for the Defendant as well as the necessary copies along with this Order.

[1] Plaintiff's title page of the complaint indicates there are two Defendants - the United States Department of the Navy and Hung Cao, in his official capacity as Acting Secretary of the Navy. ECF No. 5 at 1. Because suing a Defendant in his official capacity is the same as suing the Department, it is unnecessary to serve both the Department of the Navy and its Secretary; service on the Secretary is sufficient.

Second, service must be accomplished within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(c),(m). However, that time is hereby extended to 90 days from the date that this Order is entered on the docket pursuant to Rule 4(m).

Third, service is governed by FED. R. CIV. P. 4(i) which requires delivering a copy of the summons and complaint to the named Defendant, Hung Cao, in his official capacity as Acting United States Secretary of the Navy, as well as providing a copy to the Attorney General of the United States and a representative of the United States Attorney's Office for this district. Fed. R. Civ. P. 4(i)(2). Plaintiff is informed that a copy of the summons and complaint must be sent “by registered or certified mail” to both the civil-process clerk at the United States attorney’s office and the Attorney General of the United States at Washington, D.C.

Plaintiff is informed that the address for serving the United States Attorney for the Northern District of Florida is: Civil Process Clerk, United States Attorney’s Office, Northern District of Florida, 111 N. Adams Street, Fourth Floor, Tallahassee, Florida 32301. The address for serving the Attorney General of the United States is: Department of Justice, Room 511, Washington, D.C. 20530.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall issue a summons for the Defendant, **Hung Cao, Acting United States Secretary of the Navy,** and provide two additional copies of the summons to Plaintiff for service on the Attorney General and the United States Attorney's Office along with this Order.

2. Plaintiff must ensure that service of process is carried out within **90 days** of the date this Order is entered on the docket.

3. It is Plaintiff's responsibility to file copies with the Court showing when service was been received by the Defendant and other necessary entities.

4. After a response to the complaint has been filed by the Defendant, Plaintiff will be required to mail a copy of every pleading or other paper, including letters, submitted for consideration to the Court, to the attorney for Defendant. Plaintiff shall include with each original paper that is filed with the Clerk of the Court a certificate stating the date a correct copy of the paper was mailed to counsel for the Defendant. Any paper submitted that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

5. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward a form for consenting to trial by the magistrate judge, with the case number written on it, to Plaintiff. If Plaintiff wishes to consent, he should sign the form and forward it to counsel for the Defendant, who shall return it to the Clerk only if the Defendant consents. The parties are, of course, free to withhold consent without any adverse consequences.

6. Plaintiff must keep the Court informed should there be any change to his mailing address. If mail from this Court cannot reach Plaintiff due to a change in address, this case may be dismissed.

7. **Failure to comply with this Order and serve the Defendant with process in accordance with Rule 4(i) may result in a recommendation of dismissal of this action.**

8. The motion for leave to proceed in forma pauperis, ECF No. 3, is **GRANTED**.

9. The Clerk of Court shall return this file upon the filing of returns of service, or no later than October 20, 2026.

**DONE AND ORDERED** on August 21, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**