**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**

**_______________________________/**

# <u>O R D E R</u>

Plaintiff, proceeding pro se and with in forma pauperis status, filed a first amended complaint, ECF No. 5, on August 20, 2026. An Order was entered, ECF No. 6, finding the amended complaint sufficient to alert Defendant to the nature and basis of Plaintiff's claim. Because it could not be said that Plaintiff has failed to present a plausible claim, service was permitted and Plaintiff was provided guidance as to the requirements of service. *Id.*

Plaintiff has now filed a motion for clarification of the service Order. ECF No. 8. He requests that the Court direct the United States Marshals Service to carry out service of process. ECF No. 8. He further contends that his amended complaint as filed is approximately 100 pages and he "lacks the financial means to bear those reproduction and service expenses." *Id.* at 2. Thus, he requests an order directing service in accordance with Rule 4 and to have the Clerk reproduce the service copy. *Id.* at 2-3.

Rule 4 of the Federal Rules of Civil Procedure provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916." Fed. R. Civ. P. 4(c)(3). Because Plaintiff was granted in forma pauperis status in this case, *see* ECF No. 6, Plaintiff's motion is granted in part. The United States Marshals Service will be required to serve the amended complaint, ECF No. 5, on the Defendant pursuant to Rule 4(i).[1]

---

[1] Plaintiff's title page of the complaint indicates there are two Defendants - the United States Department of the Navy and Hung Cao, in his official capacity as Acting Secretary of the Navy. ECF No. 5 at 1. Because suing a Defendant in his official

However, it is Plaintiff's responsibility to provide the Marshals Service with an identical copy of his first amended complaint, ECF No. 5. Rule 4(c)(1) provides that Plaintiff "must furnish the necessary copies to the person who makes service". Therefore, while the Court will direct the Marshals Service to serve the complaint, Plaintiff must still provide the service copy of his amended complaint. While it is lengthy, that is a result of Plaintiff's own actions.

Plaintiff has until **September 21, 2026,** to submit three[2] service copies of his amended complaint to the Clerk of Court. The service copies must be identical to the amended complaint, ECF No. 5, as filed with this Court, including all attachments. Fed. R. Civ. P. 4(c)(1). Upon receipt, a subsequent Order will be issued to require the Clerk of Court to provide the Marshals Service with a copy of the amended complaint, to reissue summons, and then provide instructions for service on the Defendant.

---

capacity is the same as suing the Department, it is unnecessary to serve both the Department of the Navy and its Secretary; service on the Secretary is sufficient.

[2] Three copies are required because service of process on a United States Officer sued in his official capacity requires service on the officer, the United States Attorney for this District, and the United States Attorney General. Fed. R. Civ. P. 4(i).

Accordingly, it is **ORDERED:**

1. Plaintiff's motion to require the United States Marshals Service to serve the amended complaint, ECF No. 8, is **GRANTED in part**.

2. Plaintiff's request to have the Clerk of Court produce the service copies, ECF No. 8, is **DENIED**.

3. Plaintiff must provide the Clerk of Court with three service copies of his amended complaint, ECF No. 5, no later than **September 21, 2026**.

4. Plaintiff must keep the Court informed should there be any change to his mailing address. If mail from this Court cannot reach Plaintiff due to a change in address, this case may be dismissed.

5. **Failure to submit the service copies will result in a recommendation of dismissal of this action.**

6. The Clerk of Court shall return this file upon Plaintiff's submission of three service copies of his amended complaint, or no later than September 21, 2026.

**DONE AND ORDERED** on August 31, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**