**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY,
HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
_______________________________________/

Case No. 4:26-cv-00395-AW-MAF

**[PROPOSED] ORDER DIRECTING THE CONTENTS OF THE ADMINISTRATIVE RECORD**

This matter is before the Court on Plaintiff's Motion for an Order Directing the Contents of the Administrative Record. Having considered the motion, and being otherwise fully advised, it is

**ORDERED:**

1. The motion is GRANTED.

2. The administrative record that Defendant certifies and files in this action shall constitute the whole record that was before the Board for Correction of Naval Records in connection with Docket No. 8252-25, and shall include, to the extent each exists:

   (a) the complete index, inventory, or manifest of the materials contained in, associated with, or before the Board in connection with Docket No. 8252-25;

   (b) all materials the Board directly or indirectly considered, from any source, including any records independently obtained by or internally retrieved for the Board, distinct from the materials Plaintiff submitted;

   (c) the complete Advisory Opinion, together with the records reflecting its solicitation, the framing of the questions posed, and its transmittal into the record;

RCVD USDC FLND TL
SEP 18 '26 AM10:55

(d) all examiner, analyst, or staff work product identifying the materials actually reviewed and the basis for the recommendation to the Board;

(e) all records identifying the specific evidence, documents, and authorities the Board considered or relied upon in reaching its decision;

(f) all correspondence or communications concerning the docket between the Board and any other office of the Department of the Navy or Department of Defense, records custodian, or command;

(g) all records reflecting any request for, receipt of, inability to locate, omission of, supplementation of, or consideration of records relevant to the adjudication;

(h) unredacted copies of the internal entry log, recorder's log, and intake worksheet; and

(i) all metadata or tracking information concerning the docket, including audit logs, system transaction histories, user access records, and routing timestamps for Docket No. 8252-25.

3. To the extent Defendant withholds any responsive material from the certified record on a claim of privilege, Defendant shall file a log identifying each item withheld and the specific basis asserted for its withholding, sufficient to permit meaningful review.

DONE AND ORDERED on ______________________, 2026.

______________________________________
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE