IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBIT 12 UNDER SEAL, WITH INCORPORATED MEMORANDUM**

Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully moves under Local Rule 5.5(C) and Federal Rule of Civil Procedure 5.2(d) for leave to file under seal Exhibit 12 to his Notice of Receipt of the Board for Correction of Naval Records' Case File for Docket No. NR20250008252, filed with this motion. Exhibit 12 is the 247-page production that the Board for Correction of Naval Records ("BCNR") describes as "the case file for NR20250008252," the docket of the decision under review in this action. In support, Plaintiff states:

FILED USDC FLND TL
OCT 6 '26 AM11:49

1. Exhibit 12 is Plaintiff's own BCNR case file, as produced by BCNR under the Freedom of Information Act and the Privacy Act on September 17, 2026 (FOIA No. DON-BCNR-2026-000110). It consists of 247 pages of personnel, medical, disciplinary, and administrative-board records dating principally from 1990 through 1992, together with BCNR's internal case-processing documents and Plaintiff's own submissions to the Board.
2. The production contains categories of information that the Court's Notice to Pro Se Litigants, ECF No. 4, identifies as requiring redaction or caution before public filing: it includes medical records, treatment notes, and diagnoses; employment and personnel history; and personal data identifiers. BCNR redacted the names of third parties under 5 U.S.C. § 552(b)(6) but, because the file was released to Plaintiff as his own record under the Privacy Act, did not redact Plaintiff's own identifiers or medical information. On review of the production, Plaintiff has also identified full Social Security numbers appearing unredacted on approximately two dozen pages — his own, and on several pages the numbers of other individuals that BCNR's redaction did not reach. Plaintiff recognizes that Federal Rule of Civil Procedure 5.2(b)(2) exempts "the record of an administrative or agency proceeding" from the redaction requirement of Rule

5.2(a), and he does not rest this motion on a contention that the Rule itself compels redaction of this production. The Clerk's Notice to Pro Se Litigants nonetheless directs filers to redact Social Security numbers and other personal data identifiers, cautions against the public filing of medical and employment records, and expressly contemplates that a party may file an unredacted document under seal. ECF No. 4. Those identifiers belong in part to people who are not parties to this case, and the exemption in Rule 5.2(b)(2) does not diminish the Court's discretion under Rule 5.2(d) and Local Rule 5.5 to keep them off the public docket.

3. Federal Rule of Civil Procedure 5.2(d) provides that the Court "may order that a filing be made under seal without redaction." Local Rule 5.5(C) requires a party who wishes to file a document under seal to move in advance for leave to do so, and Local Rule 5.5(D) contemplates a redacted public version where feasible. The Clerk's Notice to Pro Se Litigants likewise provides that a party wishing to file a document containing personal data identifiers may file the unredacted document under seal. ECF No. 4.

4. The common-law right of access to judicial records is not absolute and yields where the interests favoring non-disclosure outweigh the public interest in

access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–13 (11th Cir. 2001). The relevant considerations here all favor sealing this single exhibit. The material is the medical and personnel history of a private individual, produced to him under a statute whose purpose is to protect such records from unnecessary disclosure. The public interest in the proceedings is fully served by the notice itself, by the BCNR response letter (Exhibit 11), and by Plaintiff's comparative matrix (Exhibit 13), all of which are filed publicly and describe the production and its contents at the level of detail the Court will need. And the Defendant is not prejudiced: the file is its own, and Plaintiff will provide a copy on request in any event.

5. Sealing is narrowly tailored. Plaintiff asks to seal one exhibit, not the notice or the other exhibits, and asks that the seal apply only until the Court orders otherwise. Plaintiff does not ask that any of his own filings or arguments be withheld from the public docket.

6. A redacted public version of Exhibit 12 is not feasible at this stage. The production is 247 pages of scanned records, much of it handwritten or of poor legibility, with personal identifiers and medical content distributed throughout

rather than confined to identifiable fields. Line-by-line redaction of the full production would take substantial time and, given the nature of the records, would leave little of public value. Plaintiff will prepare a redacted version promptly if the Court prefers one, and asks in the alternative that the Court set a reasonable period for doing so.

7. This motion is made in good faith and not for purposes of delay. Plaintiff is proceeding in forma pauperis and files this motion at the same time as the notice to which Exhibit 12 is attached, so that the sealing question is before the Court before the exhibit is placed on the docket.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (1) grant leave to file Exhibit 12 to Plaintiff's Notice of Receipt of the BCNR Case File under seal; (2) direct the Clerk to maintain Exhibit 12 under seal until further order of the Court; (3) excuse the filing of a redacted public version of Exhibit 12 or, in the alternative, set a reasonable period for Plaintiff to prepare one; and (4) grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(B)–(C)

No attorney has appeared for the Defendant, and the docket does not reflect that service of process has been completed. There is therefore no counsel for an adverse party with whom Plaintiff could confer before filing this motion. Plaintiff will confer with counsel for the Defendant on the sealing of Exhibit 12 once counsel appears, and will promptly advise the Court if the Defendant does not oppose the relief requested.

## CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.1(F)

This motion and incorporated memorandum contain fewer than 8,000 words.

Respectfully submitted,

Dated: October 6, 2026

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

## PROCEDURAL NOTE REGARDING SERVICE AND ENCLOSURES

No defendant has yet appeared in this action, and the docket does not reflect that service of process has been completed; accordingly, no certificate of service is required at this time. A courtesy copy of this motion is being mailed on the date of filing to the Office of the United States Attorney for the Northern District of Florida, 111 N. Adams Street, 4th Floor, Tallahassee, Florida 32301. Three copies of this motion are enclosed, executed in original form, together with the attached proposed Order.

Osei A. Harper
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232