**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No.
4:26-cv-00395-AW-MAF

**PLAINTIFF'S NOTICE REGARDING THE EXPIRATION OF THE SERVICE PERIOD SET BY THE COURT'S ORDER OF SEPTEMBER 21, 2026 (ECF NO. 13), AND RESPECTFUL REQUEST FOR A RETURN OF SERVICE**

In the spirit of cooperation with the Court's docket management, Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully gives notice that the fourteen-day period within which the Court directed the United States Marshals Service to serve the amended complaint, ECF No. 13 ¶ 4, has run, and that the docket reflects no return of service, executed or unexecuted, and no other indication that service has been attempted. Plaintiff respectfully requests that the Court direct the

FILED USDC FLND TL
OCT 6 '26 AM11:49

Marshals Service to file a return of service or a brief statement of the status of service. In support, Plaintiff states:

1. Plaintiff recognizes that the United States Marshals Service carries the burden of serving process for every litigant in this District whom the Court has permitted to proceed without prepayment of fees, and that it does so alongside its many other duties. Plaintiff offers this notice in that understanding: not as a criticism of the Marshals Service or of anyone, but because the passage of the Court's own deadline without any entry on the docket is a fact that the Court may wish to know, and one that Plaintiff is not in a position to resolve on his own.
2. On September 21, 2026, the Court entered its Order directing service. ECF No. 13. Paragraph 4 of that Order provides that "[w]ithin 14 days of the date of this Order, the USMS shall serve the pro se Plaintiff's amended complaint . . . and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." *Id.* ¶ 4. Paragraphs 5 and 6 further direct the Marshals Service to send copies of the summons, the amended complaint, and the Order to the United States Attorney for this District and to the Attorney General of the United States by registered or certified mail. *Id.* ¶¶ 5–6. The same day, the Clerk

reissued the summons as to Defendant Hung Cao, the United States Attorney, and the Attorney General. ECF No. 14.

3. Computed under Federal Rule of Civil Procedure 6(a)(1), the fourteen-day period began on September 22, 2026, and ended on Monday, October 5, 2026.

4. Plaintiff has retrieved and retained the docket report for this case on September 22, 23, 24, 25, 28, 29, and 30, and on October 1, 2, and 5, 2026. The most recent report, retrieved on October 5, 2026, at 8:19 p.m., shows no entry of any kind after ECF No. 14. No return of service, executed or unexecuted, appears on the docket; no notice of appearance has been filed on behalf of the Defendant; and nothing on the docket indicates that the summons and amended complaint have been delivered to, or sent to, any of the three recipients identified in the Order.

5. Plaintiff is mindful that a return of service may be filed some days after service is in fact made, and that the absence of an entry on the docket is not the same as the absence of service. Plaintiff therefore does not represent that service has not occurred; he is not in a position to know. Plaintiff represents only what the docket shows, which is nothing, and that the period the Court set has closed.

6. That silence has a practical consequence for the Court's own schedule. Under Rule 12(a)(2), the Defendant's sixty days to answer or otherwise respond run

from service on the United States Attorney. ECF No. 13 ¶ 7. The Order contemplates the return of this file to the Court upon a service return, upon the filing of a response, or in any event by November 30, 2026. *Id.* ¶ 9. If service was not made within the period the Court directed, each additional day of delay moves the Defendant's response date further past November 30, and the Court will reach that date without the docket disclosing whether the sixty-day period has even begun.

7. Plaintiff respectfully notes that the cost of this interval does not fall evenly. For an institution, a delay of this kind requires nothing; it is accomplished by the absence of an act. For the individual who brought the case, the same interval is not empty. It is time during which the decision under review remains in force, the relief sought remains unavailable, and the record that will decide the matter remains unlodged. In this case, that interval is added to a wait already measured in decades.

Silence in a process of this structure is not neutral. It has a direction, and the direction is toward the party who has no step left to take. Plaintiff does not suggest that anyone intends this result. He observes only that it is the effect, and that the effect is the same whether intended or not.

8. Every precondition to service within Plaintiff's control has been satisfied. Plaintiff moved for service by the Marshals Service on August 27, 2026, ECF No. 8; delivered the three required service copies on September 1, 2026, twenty days before the deadline the Court had set, ECF Nos. 9, 10; and has complied promptly with every service-related directive in this case. The remaining steps rest with the Marshals Service, which is charged by statute with executing "all lawful writs, process, and orders issued under the authority of the United States," 28 U.S.C. § 566(c), and which the Court has directed to carry out service under Rule 4(c)(3) and 28 U.S.C. § 1915(d).

9. Plaintiff raises the matter now, rather than later, for two reasons. First, the ninety-day period for service under Rule 4(m), measured from the filing of the complaint on August 13, 2026, ends on November 11, 2026. A plaintiff proceeding in forma pauperis who has complied with the service requirements and relied on the Marshals Service to effect service has good cause under Rule 4(m) for any delay attributable to the Marshals Service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009); *see Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) (pro se plaintiff proceeding in forma pauperis who has done all that is required of him is entitled to rely on the Marshal

for service). Plaintiff asks that the record reflect, now and not after the fact, that any delay in service is not his. Second, until service is perfected this case cannot advance into its adversarial phase, and the parties cannot begin the work of narrowing or resolving their dispute. Plaintiff has waited more than thirty-four years for that work to begin, and he would prefer not to lose further weeks to a step that is no longer his to take.

10. Plaintiff remains ready to provide any further copies, forms, or information that the Court, the Clerk, or the Marshals Service may require, including replacement service copies should the originals have been misdirected, and will continue to do whatever is asked of him to assist in the orderly progress of this matter.

**WHEREFORE**, in the spirit of cooperation with the Court's docket management, Plaintiff respectfully requests that the Court: (1) take notice that the fourteen-day service period set by paragraph 4 of the Order of September 21, 2026, ECF No. 13, expired on October 5, 2026, with no return of service on the docket; (2) direct the United States Marshals Service, an agency of the United States, to file, within five (5) days of the date of the order, a return of service as to each recipient identified in paragraphs 4 through 6 of ECF No. 13, or, if service has not been completed as to

any recipient, a statement showing cause why service was not completed within the period the Court directed and setting forth a date certain by which service will be completed; (3) provide that if the Marshals Service fails to file the required return or statement within that period, the Court will set a hearing concerning compliance with the Court's September 21, 2026 Order, at which the Marshals Service shall appear and account for its compliance or noncompliance with that Order; (4) find that any delay in service to date is attributable to circumstances outside Plaintiff's control and constitutes good cause for purposes of Federal Rule of Civil Procedure 4(m), and extend the time for service to and including the date certain set forth in the Marshals Service's return, and in no event beyond November 30, 2026, absent further order of the Court; and (5) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 6, 2026

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

## CERTIFICATES UNDER LOCAL RULE 7.1

Conference. No attorney has appeared for the Defendant, and the docket does not reflect that service of process has been completed; there is therefore no counsel for an adverse party with whom to confer regarding the relief requested, and the relief concerns the performance of a duty by the United States Marshals Service rather than any position of the Defendant. Plaintiff will confer with counsel for the Defendant on any matter in this notice once counsel appears. Word count. This document contains fewer than 8,000 words.

## PROCEDURAL NOTE REGARDING SERVICE AND ENCLOSURES

No defendant has yet appeared in this action, and the docket does not reflect that service of process has been completed; accordingly, no certificate of service is required at this time. Because the Defendant may nonetheless have been served without a return having yet been docketed, and in the interest of the proper pursuance of notice and justice, a courtesy copy of this filing is being mailed on the date of filing to the Office of the United States Attorney for the Northern District of Florida, 111 N. Adams Street, 4th Floor, Tallahassee, Florida 32301. Three copies of this filing are enclosed, executed in original form, together with the attached proposed Order.

Osei A. Harper
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232