**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| OSEI A. HARPER,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,<br>Defendant.<br>/ | Case No.<br>4:26-cv-00395-AW-MAF |

# PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE DIRECTED TO THE UNITED STATES MARSHAL SERVICE, FOR A SWORN ACCOUNTING OF SERVICE OF PROCESS, AND FOR A FINDING OF GOOD CAUSE AND EXTENSION OF TIME UNDER FED. R. CIV. P. 4(m), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION

Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully moves the Court for an order directing the United States Marshals Service ("USMS") to show cause regarding the status of its compliance with the Court's Order of September 21, 2026, ECF No. 13 — whether service was completed, attempted, or delayed, and why compliance has not been documented on the docket; for a sworn accounting of the handling and disposition of the summons and amended complaint

Filed
RCVD USDC FLND TL
OCT 14 '26 PM12:34

entrusted to it; and, because the period for service under Federal Rule of Civil Procedure 4(m) will expire on November 12, 2026, for an express finding that any delay in service is attributable to the USMS and not to Plaintiff, constitutes good cause, and warrants an extension of the time for service. In support, Plaintiff states:

**I. What this motion asks, and what it does not**

1. This motion concerns the enforcement of the Court's own order and the protection of an indigent litigant's procedural position. Plaintiff does not ask for sanctions, and he does not ask the Court to find that anyone has acted willfully; nothing in the record would support such a finding and Plaintiff does not suggest it. He asks for three things that only the Court can provide: an accountable record of what became of the service documents, compliance with the directive the Court has already given, and a determination made before November 12, 2026, rather than after it, that the time consumed by the service process is not charged to him.
2. Plaintiff is mindful that his Notice of October 6, 2026, ECF No. 16, asked the Court to direct a return of service within five days, and that the Court has had that request before it for only a short time. He files this motion not to press the

Court but because the Rule 4(m) date is now four weeks away and no ruling, return, or appearance has intervened. If the Court intends to act on ECF No. 16, Plaintiff respectfully asks that it do so in a form that also resolves the Rule 4(m) question raised here, so that the matter need not return a third time.

**II. Procedural background**

3. On August 21, 2026, the Court granted Plaintiff leave to proceed in forma pauperis. ECF No. 6. On August 31, 2026, the Court granted Plaintiff's motion for service by the USMS under Rule 4(c)(3) and 28 U.S.C. § 1915(d), and directed him to supply three service copies of the amended complaint. ECF No. 9. He supplied them on September 1, 2026; the docket records that "[t]hree service copies of 5 FIRST AMENDED COMPLAINT [were] provided over the counter in compliance with 9 ORDER." ECF No. 10. The Court's September 21 Order acknowledges that compliance: "Plaintiff provided the service copies, ECF No. 10." ECF No. 13 at 1.

4. On September 21, 2026, the Court directed the Clerk to reissue the summons and to deliver it, with copies of the Order and the amended complaint, to the USMS, and ordered that "[w]ithin 14 days of the date of this Order, the USMS shall

serve the pro se Plaintiff's amended complaint . . . and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." ECF No. 13 ¶¶ 3–4. Paragraphs 5 and 6 directed the USMS to send the summons, amended complaint, and Order to the United States Attorney for this District and to the Attorney General by registered or certified mail. *Id.* ¶¶ 5–6. The summons was reissued the same day. ECF No. 14.

5. Computed under Rule 6(a)(1), the fourteen-day period began on September 22, 2026, and ended on Monday, October 5, 2026.

6. On October 6, 2026, Plaintiff filed his Notice Regarding the Expiration of the Service Period, ECF No. 16, reporting that the docket reflected no return of service, no appearance, and no entry of any kind after ECF No. 14, and requesting that the USMS be directed to file a return or a statement of the status of service within five days. The Notice was referred to the Magistrate Judge the same day.

7. Plaintiff has continued to retrieve and preserve the docket report throughout the service period. The most recent report, retrieved on October 13, 2026, at approximately 1:10 p.m. Eastern, reflects no docket activity subsequent to the October 6, 2026 referral of ECF Nos. 15, 16, and 17 to the Magistrate Judge.

Specifically, the docket contains no executed or unexecuted return of service, no statement from the United States Marshals Service, no notice of appearance on behalf of the Defendant, and no ruling on Plaintiff's October 6 Notice, ECF No. 16. Plaintiff does not contend that the absence of a return conclusively establishes non-service. Rather, the Court's fourteen-day service deadline expired October 5, 2026, and the docket still provides no means of determining whether the service directive was executed. As of the anticipated filing date of October 14, twenty-three days will have elapsed since the Court's Order and nine days since its service deadline expired.

8. Plaintiff has no independent means of learning when the USMS received the service documents, who was assigned to them, whether service or mailing was attempted, or what, if anything, prevented completion. That information exists only in the USMS's own records.

**III. The governing rules**

9. When a plaintiff is authorized to proceed in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Rule 4(c)(3) provides that the court "must" order service by a United States marshal or deputy

marshal for such a plaintiff. The duty is the officer's, and the Court has already placed it.

10. Federal Rule of Civil Procedure 4(m) generally requires service within ninety days after the complaint is filed, subject to extension for good cause and the Court's discretionary authority to allow additional time. Plaintiff filed the complaint on August 13, 2026. ECF No. 1. Excluding the filing date under Rule 6(a)(1)(A), the ninetieth day falls on November 11, 2026. Because that date is Veterans Day, a legal holiday under Rule 6(a)(6)(A), the operative deadline extends to Thursday, November 12, 2026, pursuant to Rule 6(a)(1)(C). Plaintiff requests a finding and appropriate extension before that date, rather than leaving his protection under Rule 4(m) unresolved until after the service period expires. Even absent good cause, the Court retains discretion to extend the time. *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281–82 (11th Cir. 2007).

11. In the Eleventh Circuit, a plaintiff proceeding in forma pauperis who has complied with the service requirements and relied on the USMS to effect service has good cause under Rule 4(m) for any delay attributable to the USMS. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009); *see*

*Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) (pro se plaintiff proceeding in forma pauperis who has done all that is required of him is entitled to rely on the Marshal for service). The rule does not ask the indigent plaintiff to take over the duty the Court assigned to its officers; it recognizes that he should not bear the consequences when that duty goes unperformed.

12. The fourteen-day period in ECF No. 13 is the Court's own deadline and is distinct from the Rule 4(m) period. Its expiration without a return is the fact that warrants inquiry now; the approach of November 12 is the reason the inquiry cannot wait.

**IV. Grounds for an order to show cause**

**A. The Court's deadline passed without an accountable return.**

13. The Court did not merely permit service by the USMS; it ordered service within a stated period. That period has passed, and the docket does not disclose whether the Order was performed, attempted, delayed, or left unexecuted. Plaintiff does not represent that service has not occurred; he cannot know. He represents only what the docket shows, which is nothing, and that the silence has now outlasted

both the Court's deadline and the five-day return Plaintiff asked for on October 6.

14. Only the personnel responsible for the service process can account for the physical and administrative disposition of the documents. The confirmed facts support an order to account for service; they do not yet identify who handled the documents or what became of them, and Plaintiff does not pretend otherwise. An order to show cause, returnable by a sworn written accounting, is the ordinary means by which a court learns from its own officer what became of its own order. Plaintiff asks for nothing more than that, and asks that appearance be required only if the accounting is not filed or does not answer the questions the Court puts.

**B. The accounting should be sworn and tied to records.**

15. A statement that service is "pending" would not establish what occurred between September 21 and the present. Plaintiff therefore asks that the USMS be directed to file a declaration under penalty of perjury, by the United States Marshal for this District or a supervisory official with personal knowledge of the office's records, addressing: (a) the date on which the USMS received the reissued summons, the Order, and the service copies from the Clerk, and which pleading

and attachments it received and transmitted — the Order refers to the amended complaint as ECF No. 5 in its introduction and paragraph 3 but as "ECF No. 4" in paragraphs 4 and 7, and ECF No. 4 is the Clerk's Notice to Pro Se Litigants, so Plaintiff asks that the Court confirm that the operative pleading for service is the First Amended Complaint, ECF No. 5; (b) the person or unit to whom the matter was assigned and the date of assignment; (c) each date on which the documents were prepared, mailed, delivered, attempted, returned, or transferred, as to each of the three recipients identified in ECF No. 13 ¶¶ 4–6; (d) any registered- or certified-mail receipts, tracking numbers, or delivery confirmations or, as to the United States Attorney, documentation of personal delivery as footnote 3 of the Order permits; (e) any obstacle to completion within fourteen days, when it became known, and what was done about it; (f) whether service has been completed as to each recipient and, if so, the date and method; and (g) if service remains incomplete as to any recipient, the outstanding steps, the responsible official, and a date certain for completion. The declaration should identify the records on which it relies and attach the receipts, tracking information, or returns to the extent they exist.

16. Plaintiff asks for this accounting to resolve an asymmetry of information, not to assign blame. He cannot see the USMS's records; the consequences of what those records show fall on his case.

**C. The Court should make the Rule 4(m) finding now.**

17. Every step within Plaintiff's control has been completed and is on the docket: the motion for USMS service, ECF No. 8; the three service copies, delivered over the counter twenty days early and acknowledged by the Court, ECF No. 10; ECF No. 13 at 1; the Notice when the Court's deadline passed, ECF No. 16. Nothing on the docket suggests that Plaintiff withheld information, supplied defective papers, or otherwise contributed to the delay.

18. Plaintiff therefore asks the Court to find now, on the present record, that he has complied with every service requirement imposed on him and that the record identifies no delay caused by Plaintiff, and that delay attributable to the USMS constitutes good cause under Rule 4(m) and *Rance*. He asks that the finding be made before November 12, 2026, so that the expiration of the ninety-day period does not become a question to be litigated after the fact, and that the time for service be extended, in the interim, through and including December 14, 2026, and thereafter to a date certain set by the Court following the accounting, with

such further extension as Rule 4(m) and *Rance* require if service remains outstanding through no fault of Plaintiff. Plaintiff does not ask for an open-ended extension; he asks that the date be the Court's, set on the USMS's own account of what remains to be done.

19. Following the sworn accounting, Plaintiff asks that the Court attribute any period of actual non-performance to the entity responsible for it on the records produced and, if the period is attributable solely to the USMS, that the Court say so expressly. Plaintiff asks for this in two stages deliberately: his own compliance can be found today from the docket, while responsibility for the gap should be assigned only after the USMS's records are examined, not before.

**V. Why the delay matters to the Court's own schedule**

20. Under Rule 12(a)(2), the United States has sixty days from service on the United States Attorney to answer or otherwise respond. The Court's Order recognizes that period. ECF No. 13 ¶ 7. The Order also contemplates the return of this file to the Court on a service return, on a response, or in any event by November 30, 2026. *Id.* ¶ 9. Service made at any point after October 1 places the Defendant's response date after November 30; service not yet made places it further still.

Without an accounting, the Court will reach its own return date without the docket disclosing whether the sixty days have begun.

21. Plaintiff cannot compel the USMS to execute process, cannot obtain its internal records, and cannot start the Defendant's response clock without effective service. This is not a complaint about inconvenience; it is a description of a dependency the procedural structure imposes. The next stage of this case cannot begin by any act of Plaintiff's. Delay by the service authority therefore carries a cost to Plaintiff that the institution does not experience in the same way, and Plaintiff asks only that the record keep the two kinds of time separate: time consumed by him, and time consumed by the governmental service process. The latter should not be imputed to him.

22. The failure to document compliance with the Court's service directive has imposed an additional and avoidable procedural burden upon Plaintiff. Having timely supplied the required service copies and obtained an express order directing service by the United States Marshals Service, Plaintiff has nevertheless been required to conduct repeated docket reviews, preserve successive docket reports, prepare and file a formal notice of the expired service deadline, and now seek further judicial intervention to establish whether the

ordered service occurred. These efforts do not advance adjudication of the underlying controversy; they are necessary solely to ascertain and secure performance of a preliminary procedural obligation already assigned to officers of the Court. Plaintiff raises this burden not as a claim for compensation or as evidence of improper motive, but to demonstrate the concrete consequences of continued uncertainty and the need for prompt, accountable resolution. Every additional day consumed by this process postpones the commencement or confirmation of the Defendant's response period while requiring further effort from the party who has already satisfied his service-related obligations.

**VI. Alternative relief**

23. The duty to serve remains the USMS's, and Plaintiff asks that it remain the primary remedy. If, however, the Court determines on the accounting that substitute service would be the more appropriate course, Plaintiff respectfully asks that the Court make the necessary procedural arrangements — directing the Clerk to issue the summons and conformed copies and providing for service under Rule 4(i) by registered or certified mail at no cost to Plaintiff, who proceeds in forma pauperis — and extend the time for service accordingly.

Plaintiff raises this not to relieve the USMS of the duty the Court assigned, nor to take it on himself, but because his object is service, not a dispute about who failed to accomplish it.

**VII. Request for expedited consideration**

24. Plaintiff respectfully requests expedited consideration of this motion because more than six weeks have elapsed since he supplied the required service copies, yet the docket does not establish that service has been completed. This delay has prevented Plaintiff from confirming commencement of the Defendant's response period and has imposed additional procedural burdens despite Plaintiff's compliance with every service-related requirement imposed upon him.

25. Plaintiff delivered the required service copies on September 1, 2026. ECF No. 10. The Court expressly acknowledged that compliance and directed the United States Marshals Service to effect service on September 21, 2026. ECF No. 13. The fourteen-day deadline imposed by that Order expired October 5, 2026. Plaintiff notified the Court of the absence of a service return on October 6. ECF No. 16. As of the October 13 docket report, no return, accounting, or ruling addressing that notice had been entered.

26. The resulting delay is not attributable to any identified failure by Plaintiff. It arises at a procedural stage whose completion rests with the officers directed by the Court to perform service. Each additional day during which service remains unconfirmed postpones the establishment of the Defendant's response deadline and requires Plaintiff to continue monitoring a process he cannot independently complete.

27. The approaching November 12, 2026 deadline under Rule 4(m) compounds this existing procedural impairment. It is not the sole or principal reason expedited consideration is warranted.

28. Plaintiff therefore respectfully requests prompt judicial action to establish the status of service, require an accountable response from the United States Marshals Service, and preserve Plaintiff's procedural rights against delay occurring outside his control. Plaintiff does not request accelerated adjudication of the underlying merits. He requests prompt enforcement of a service directive already issued by this Court so that the case may proceed in the ordinary course.

**VIII. The non-neutral consequences of continued delay**

29. The passage of time in this procedural posture is not neutral. The challenged administrative determination remains operative without further action by the Defendant, while Plaintiff cannot obtain a responsive pleading, begin the ordinary process of narrowing the dispute, or seek adjudication on the merits until service is accomplished.

30. The resulting asymmetry is consequential. Continued inaction preserves the existing governmental determination while imposing additional burdens exclusively upon the party seeking judicial review. Plaintiff has been required to monitor the docket, preserve successive records, and prepare additional filings to secure performance of a procedural obligation that the Court has already assigned to its officers.

31. Plaintiff does not contend that this asymmetry establishes improper motive. The prejudice arises from the operation of the delay itself, independently of intent. Each additional day postpones the availability of judicial review, consumes further resources, and extends the period during which the challenged determination remains effective.

32. The requested expedited consideration therefore serves a substantive procedural purpose: preventing an unexplained failure to complete service from continuing to displace the ordinary progression of this action. Plaintiff respectfully requests that the Court recognize the non-neutral consequences of that displacement and act promptly to restore the matter to the procedural course contemplated by its September 21, 2026 Order.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (1) issue an order directing the United States Marshals Service to show cause, within seven (7) days, regarding the status of its compliance with the Court's Order of September 21, 2026, ECF No. 13 — whether service was completed, attempted, or delayed, and why compliance has not been documented on the docket — by filing a sworn accounting of the receipt, custody, handling, attempted service, actual service, and disposition of the summons and amended complaint as to each recipient identified in ECF No. 13 ¶¶ 4–6, with the supporting records described in paragraph 15 above; (2) provide that if the accounting is not filed within that period, or does not answer the matters the Court directs, the United States Marshal for the Northern District of Florida or a designated supervisory official shall appear at a hearing set by the Court and account

for the status of service and compliance with ECF No. 13; (3) direct the USMS to file an executed or unexecuted return of service as to each recipient; (4) find, under Federal Rule of Civil Procedure 4(m), that Plaintiff has not caused the delay in service reflected in the record and that delay attributable to the USMS constitutes good cause, and extend the time for service, in the interim, through and including December 14, 2026, and thereafter to a date certain set by the Court following the accounting, with such further extension as Rule 4(m) requires if service remains outstanding through no fault of Plaintiff; (5) following the accounting, attribute any period of actual non-performance to the entity responsible and, if attributable solely to the USMS, so find expressly; (6) in the alternative, and only if the Court determines it appropriate on the accounting, provide for substitute service under Rule 4(i) through arrangements made by the Court at no cost to Plaintiff, and extend the time for service accordingly; (7) consider this motion on an expedited basis; and (8) grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(B)–(C)

No attorney has appeared for the Defendant, and the docket does not reflect that service of process has been completed. There is therefore no counsel for an adverse

party with whom Plaintiff could confer before filing this motion. The motion is directed to the performance of a duty by an officer of the Court rather than to any position of the Defendant. Plaintiff will confer with counsel for the Defendant on any matter in this motion once counsel appears.

## CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.1(F)

This motion and incorporated memorandum, from the caption through the prayer for relief, contain 3,712 words, as counted by the word-processing software used to prepare it, which is fewer than the 8,000 words permitted by Local Rule 7.1(F).

Respectfully submitted,

Dated: October 14, 2026

______________________________

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

## PROCEDURAL NOTE REGARDING SERVICE AND ENCLOSURES

No defendant has yet appeared in this action, and the docket does not reflect that service of process has been completed; accordingly, no certificate of service is required at this time. Because the Defendant may nonetheless have been served without a return having yet been docketed, and in the interest of the proper pursuance of notice and justice, a courtesy copy of this motion is being mailed on the date of filing to the Office of the United States Attorney for the Northern District of Florida, 111 N. Adams Street, 4th Floor, Tallahassee, Florida 32301. Plaintiff respectfully asks that the Clerk provide a copy of this motion and of any order on it to the United States Marshals Service, whose compliance is its subject. Three copies of this motion are enclosed, executed in original form, together with the attached proposed Order.



Osei A. Harper