**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

## [PROPOSED] ORDER TO SHOW CAUSE AND ORDER UNDER FED. R. CIV. P. 4(m)

This matter is before the Court on Plaintiff's Motion for an Order to Show Cause Directed to the United States Marshals Service, for a Sworn Accounting of Service of Process, and for a Finding of Good Cause and Extension of Time under Fed. R. Civ. P. 4(m). By Order of September 21, 2026, the Court directed the United States Marshals Service ("USMS") to serve the summons and amended complaint on Defendant Hung Cao within fourteen days under Rule 4(i) and to send copies to the United States Attorney for this District and the Attorney General by registered or certified mail. ECF No. 13 ¶¶ 4–6. The fourteen-day period expired on October 5,

RCV'D USDC FLND TL
OCT 14 '26 PM12:34

2026. No return of service, executed or unexecuted, appears on the docket, and no response to Plaintiff's Notice of October 6, 2026, ECF No. 16, has been filed. Plaintiff was granted leave to proceed in forma pauperis, ECF No. 6, has supplied the service copies required of him, ECF No. 10, and is entitled to rely on the USMS to effect service. Good cause appearing, it is

**ORDERED:**

1. Within seven (7) days of the date of this Order, the United States Marshals Service shall SHOW CAUSE regarding the status of its compliance with the Court's Order of September 21, 2026, ECF No. 13 — whether service was completed, attempted, or delayed, and why compliance has not been documented on the docket — by filing a declaration under penalty of perjury, executed by the United States Marshal for the Northern District of Florida or a supervisory official with personal knowledge of the office's records, stating: (a) the date the USMS received the reissued summons, the Order, and the service copies from the Clerk, and which pleading and attachments it received and transmitted (the operative pleading for service is the First Amended Complaint, ECF No. 5; the references to "ECF No. 4" in paragraphs 4 and 7 of the September 21 Order are

to that pleading); (b) the person or unit to whom the matter was assigned and the date of assignment; (c) each date on which the documents were prepared, mailed, delivered, attempted, returned, or transferred as to each of the three recipients identified in ECF No. 13 ¶¶ 4–6; (d) any registered- or certified-mail receipts, tracking numbers, or delivery confirmations or, as to the United States Attorney, documentation of personal delivery as footnote 3 of the Order permits; (e) any obstacle to completion within fourteen days, when it became known, and what was done about it; (f) whether service has been completed as to each recipient and, if so, the date and method; and (g) if service remains incomplete as to any recipient, the outstanding steps, the responsible official, and a date certain for completion. The declaration shall identify the records on which it relies and attach available receipts, tracking information, and returns.

2. The USMS shall file an executed or unexecuted return of service as to each recipient with the declaration.

3. If the declaration is not filed within seven (7) days, or does not address the matters set out in paragraph 1, the United States Marshal for the Northern District of Florida or a designated supervisory official shall appear at a hearing

to be set by separate notice and account for the status of service and compliance with ECF No. 13.

4. The Court FINDS, under Federal Rule of Civil Procedure 4(m), that Plaintiff has complied with the service requirements imposed on him, that the record identifies no delay in service caused by Plaintiff, and that delay attributable to the USMS constitutes good cause. The time for service is extended through and including December 14, 2026. Upon review of the declaration the Court will set a date certain for completion of any outstanding service, and the time for service shall be further extended as Rule 4(m) requires if service remains outstanding through no fault of Plaintiff. The time for the Defendant to respond under Rule 12(a)(2) shall run from the date of service on the United States Attorney as shown by the return.

5. Upon review of the declaration, the Court will attribute any period of actual non-performance to the entity responsible and, if attributable solely to the USMS, will so find expressly.

6. The Clerk of Court shall provide a copy of this Order to the United States Marshals Service forthwith.

**DONE AND ORDERED** on this ____ day of ______________, 2026.

______________________________
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE