Page 1 of 4

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**
**_______________________________/**

# **O R D E R**

Plaintiff has filed a motion for leave to file Exhibit 12 under seal. ECF No. 15. Plaintiff also filed a notice of receipt of records from the Board for Correction of Naval Records, with three exhibits attached, including Exhibit 12. ECF No. 17. Plaintiff seeks to seal Exhibit 12 because it contains medical and personnel records and unredacted personal identifiers. Plaintiff contends that redaction is not feasible because the 247-page production consists of scanned records, many handwritten or difficult to read, with personal identifiers and medical information distributed throughout the documents. Plaintiff further argues that line-by-line redaction would take

substantial time and leave little information of public value. ECF No. 15 at 4-5.

Federal Rule of Civil Procedure 5.2(d) permits the Court to order that a filing be made "under seal without redaction." Northern District of Florida Local Rule 5.5(C) requires court authorization for filing a document under seal, and Local Rule 5.5(D) requires a redacted public version when feasible. Plaintiff has not provided sufficient justification to seal Exhibit 12 rather than redact the sensitive information. Moreover, the exhibits are unnecessary at this stage of the proceedings. Local Rule 5.9(A) addresses exhibits tendered or received in evidence during a trial or hearing. No trial or hearing has been scheduled in this case, and no motion requiring the submission of exhibits is pending.

At this stage of the proceedings, Plaintiff's submission of the exhibits is premature. Service on Defendant has not been completed, so Defendant has not filed a response to the complaint. The Court does not require Plaintiff to submit evidentiary exhibits at this time. Accordingly, because there is no need for exhibits at this time, Plaintiff's motion is denied. Plaintiff may seek to submit relevant exhibits only if necessary to rule on a pending motion. To protect the privacy of Plaintiff's medical records, the submitted exhibits, ECF No. 17, will be stricken as improperly filed. Plaintiff shall have 30 days to

retrieve them from the Clerk of the Court. The Clerk's Office will not be required to incur the expense of mailing hundreds of pages of exhibits to Plaintiff. If Plaintiff does not retrieve the exhibits within that period, they will be shredded.

Plaintiff also filed a notice regarding the expiration of the service period. ECF No. 16. A notice is not a motion. Under Local Rule 7.1 and 5.1(B), a request for "action of any kind relating to a case" must be made by motion. Accordingly, no further action will be taken on Plaintiff's notice. ECF No. 16.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to file Exhibit 12 under seal, ECF No. 15, is **DENIED**.

2. The Clerk of the Court shall **STRIKE** Plaintiff's notice and exhibits, ECF No. 17.

3. The Clerk shall retain Plaintiff's notice and exhibits, ECF No. 17, until November 16, 2026.

Page 4 of 4

4. Plaintiff must retrieve the physical exhibits on or before **November 16, 2026**. Any physical exhibits remaining after that deadline will be destroyed by the Clerk.

**DONE AND ORDERED** on October 15, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**