**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 16, 2026 (ECF NO. 20), AND MOTION TO SET ASIDE THAT ORDER UNDER FED. R. CIV. P. 72(a) AND 28 U.S.C. § 636(b)(1)(A), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully objects to the Magistrate Judge's Order of October 16, 2026, ECF No. 20, and moves the District Judge to set aside paragraph 1 of that Order under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). This objection is filed within fourteen days of the Order. The Order denied a motion whose principal purpose was protective: to secure, while the time for service was still open, the finding and extension that Rule 4(m) provides, so that Plaintiff would not be left to establish

FILED USDC FLND TL
OCT 20 '26 PM2:16

good cause after the period had run and the case stood in a posture of dismissal for a failure that was never his. The Order denies that protection, makes no finding, and defers the Court's own first review of service to a date after the deadline expires. In support, Plaintiff states as follows.

**I. Standard of review**

1. A magistrate judge may hear and determine a pretrial matter not dispositive of a claim or defense. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A party may serve and file objections within fourteen days after being served with a copy of the order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when it has no support in the record; an order is contrary to law when it fails to apply, or misapplies, the governing rule. Plaintiff respectfully submits that the Order of October 16, 2026, does both, and that the error is not harmless, because the time within which service must be completed under Rule 4(m) continues to run against Plaintiff while the Order forecloses any inquiry into why service has not been completed by the officers the Court directed to complete it.

**II. The record**

2. Plaintiff filed this action on August 13, 2026, and was granted leave to proceed in forma pauperis. ECF No. 6. Under Rule 4(c)(3), the Court was required to order, and did order, that service be made by the United States Marshals Service ("USMS"). Fed. R. Civ. P. 4(c)(3) ("The court must so order if the plaintiff is authorized to proceed in forma pauperis"). The USMS is a bureau within the Department of Justice under the authority and direction of the Attorney General, 28 U.S.C. § 566(a), and is charged by statute to "execute all lawful writs, process, and orders issued under the authority of the United States." 28 U.S.C. § 566(c). Its duty to serve this complaint is therefore statutory; the Court's Order of September 21 particularized that duty with a method and a date. Plaintiff supplied the service copies the Court required of him. ECF No. 10.

3. On September 21, 2026, the Magistrate Judge entered the Order directing service. ECF No. 13. Paragraph 4 provides: "Within 14 days of the date of this Order, the USMS shall serve the pro se Plaintiff's amended complaint, ECF No. 4, and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." *Id.* at 4. Paragraphs 5 and 6 direct the USMS to send copies to the United States Attorney for this District and to the Attorney General "via

registered or certified mail." *Id.* Footnote 3 observes that the United States Attorney's Office "is located in the same building as the USMS" and that the USMS "may personally deliver the service documents rather than send them by mail." *Id.* at 4 n.3.

4. The fourteen-day period expired on October 5, 2026. No return of service, executed or unexecuted, has been filed. The USMS has filed nothing in this case and has not asked the Court for additional time.

5. On October 6, 2026, Plaintiff filed a notice advising the Court that the period had expired. ECF No. 16. On October 14, 2026, Plaintiff filed a motion asking the Court to direct the USMS to show cause regarding the status of its compliance with ECF No. 13, to file a sworn accounting of what it had done with the summons and amended complaint, and to find good cause and extend the time for service under Rule 4(m). ECF No. 18.

6. On October 15, 2026, the Magistrate Judge entered an Order denying Plaintiff's motion to seal and striking his exhibits as premature. ECF No. 19. That Order states, as a ground for striking the exhibits: "Service on Defendant has not been completed, so Defendant has not filed a response to the complaint." *Id.* at 2.

7. On October 16, 2026, the Magistrate Judge entered the Order now objected to. ECF No. 20. It denies the motion in its entirety. *Id.* at 3 ¶ 1. Its reasoning occupies one paragraph:

> "The fourteen-day period expired on October 5, 2026. Service of process by the USMS generally requires approximately thirty to forty-five days to complete. The USMS has fourteen days to mail the service documents, and additional time is required for the documents to travel to the recipient, be received, and for the signed return of service to be mailed back. The absence of a return of service on the docket does not establish that service has not been attempted or completed." ECF No. 20 at 2.

8. The Order then states that the November 30, 2026 date in ECF No. 13 ¶ 9 "governs the return of the file to the Court and does not establish an additional deadline for completing service," that an order to show cause or accounting "is unnecessary," and that "[t]he Court will review the status of service upon return of the file and determine whether further action is warranted." *Id.* at 2.

9. Under Rule 4(m), the ninety-day period for service runs from August 13, 2026. The ninetieth day is November 11, 2026, a legal holiday, so the period ends on November 12, 2026. Fed. R. Civ. P. 6(a)(1)(C). The Order does not mention that date. It denies the extension Plaintiff requested and makes no finding, in either direction, on good cause.

**III. What the motion asked, and what the Order answered**

10. The motion asked for two things, in this order of importance. First, it asked the Court to find now — before November 12, on a record in which Plaintiff has done everything required of him and the USMS has done nothing visible — that any delay is attributable to the USMS and constitutes good cause, and to extend the time for service to a date certain. ECF No. 18 at 13 (relief (4)). The purpose of asking in advance is the whole purpose: a finding made while the period is open protects the case; a finding sought after the period closes requires Plaintiff to litigate, from a posture of default, a failure he did not commit. Rule 4(m) permits the first and does not require the second. Second, the motion asked that the USMS be required to account for the status of its compliance, so that the Court would have an actual record on which to make that finding rather than an estimate. ECF No. 18 at 12–13 (relief (1)–(3)).

11. The Order addresses only the second request, and only to say it is "unnecessary." It does not address the first at all, except to deny it in the decretal paragraph. The effect is to convert a prospective request into a retrospective one: Plaintiff asked for protection before the deadline and was told the Court would look at service "upon return of the file," ECF No. 20 at 2 — which, under ECF No. 13 ¶ 9,

means no later than November 30, 2026, eighteen days after the Rule 4(m) period ends. The Court has scheduled its own first examination of service for a date after the only deadline it left in place.

12. The motion did not ask the Court to compel the USMS to complete service by a particular day. It asked the Court to require the USMS to say what it had done. ECF No. 18 at 12–13 (relief (1)–(3)). That is a different request, and it is a modest one. Whether the USMS has complied with ECF No. 13 can be stated on a single page: the date the summons and amended complaint were dispatched to the Secretary of the Navy and by what method; the date and method of transmission to the Attorney General; and whether the documents for the United States Attorney were walked to the fourth floor or mailed, and when. Registered and certified mail — the methods the Court itself prescribed in ECF No. 13 ¶¶ 5–6 — produce a receipt at the moment of dispatch. The proof that the Marshals did what the Court ordered, if they did it, has existed since the day they did it. Nothing about it requires thirty to forty-five days to produce.

13. The Order answers a request for a report with an estimate of the time completion takes. It treats the two as the same thing. They are not. A litigant who asks an officer of the court to account for the status of a court-ordered task is not asking

that the task be finished; he is asking to know whether it has begun. The Order's reasoning, taken on its own terms, would be a reason to deny a motion to compel completion by October 5. It is not a reason to deny a motion to learn whether anything was mailed.

**IV. Specific objections**

**A. The Order rests on a factual finding that has no source in the record and was made without notice or an opportunity to be heard.**

14. The statement that "[s]ervice of process by the USMS generally requires approximately thirty to forty-five days to complete" is a finding of fact about the practice of a non-party. No declaration supports it. No filing by the USMS supports it; the USMS has filed nothing. No rule, standing order, or published procedure is cited. The finding appears for the first time in the Order itself, and the Order relies on it as the reason the absence of any return "does not establish" non-performance.

15. If the Court intended to take judicial notice of the ordinary duration of USMS service, Federal Rule of Evidence 201 required that the fact be "not subject to reasonable dispute" and entitled Plaintiff, on request, "to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(b), (e). Plaintiff was not heard. He now requests to be. The fact is

subject to reasonable dispute on the face of this record: the Court's own Order observed that one of the three recipients sits "in the same building as the USMS" and could be served by hand, ECF No. 13 at 4 n.3, and the two others were to be served by registered or certified mail, which is dispatched in a day and tracked from that day forward. A general estimate of thirty to forty-five days cannot be reconciled with the specific arrangements the Court itself made for this case.

16. Whether the statement is treated as judicial notice taken without the procedure Rule 201 requires, or simply as a finding with no support in the record, the result is the same: a generalized estimate of what an agency usually does cannot substitute for case-specific evidence of what it did, when the question before the Court is whether it complied with a specific order in a specific case. A finding with no support in the record is clearly erroneous by definition. Plaintiff respectfully objects to it and to every conclusion in the Order that depends on it.

**B. The Order restates the September 21 Order as requiring something other than what it says, and does not acknowledge the change.**

17. ECF No. 13 ¶ 4 directs that "[w]ithin 14 days of the date of this Order, the USMS shall serve" the amended complaint and summons on Defendant. ECF No. 20 describes that same provision as follows: "The USMS has fourteen days to mail the service documents." ECF No. 20 at 2. The word "serve" has become the word

"mail." The Order does not say that it is construing, clarifying, or amending ECF No. 13; it presents the restatement as a description of what the earlier Order already required.

18. Plaintiff does not contend that a court may never clarify its own order. He objects that this was done eleven days after the period expired, in response to a motion that relied on the plain text of the Order, in favor of an officer who had neither asked for the clarification nor offered any account of its own, and without saying that the meaning was being changed. If ECF No. 13 ¶ 4 meant "mail within fourteen days," the Order could have said so on September 21. If it meant what it says, the period for service expired on October 5 and the USMS has not accounted for it. The Order does not choose between those readings; it adopts the second as a description of the first. That is contrary to the text of the order being described, and Plaintiff respectfully objects. He adds one point about effect. An estimate of the USMS's ordinary practice, even if accurate, does not amend a directive issued under Rule 4(c)(3) and 28 U.S.C. § 566(c), and it does not extend the period that Rule 4(m) sets for Plaintiff. The fourteen-day directive remains as written, and the ninety-day period remains as written. The Order

leaves both in place and excuses performance of the first while declining to extend the second.

**C. The Order denies a Rule 4(m) extension without making the finding Rule 4(m) requires.**

19. Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). In this Circuit, a plaintiff proceeding in forma pauperis who has done what is required of him and relied on the USMS to effect service has good cause for delay attributable to the USMS. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009); *see Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Plaintiff has done what was required of him, ECF No. 10, and the record contains no suggestion otherwise.

20. The Order denies the requested extension. ECF No. 20 at 3 ¶ 1. It does not find that good cause is absent. It does not find that Plaintiff caused or contributed to the delay. It does not address Rule 4(m) at all. The only sentence in the Order that touches a deadline is the statement that November 30 "does not establish an additional deadline for completing service" — which, if correct, means the only operative deadline for service in this case is the Rule 4(m) deadline of November 12, 2026, the very deadline the Order declines to extend and does not mention.

21. Plaintiff does not contend that the Court was bound to grant the extension on October 16 regardless of what the record showed. He contends that the motion placed the question of good cause before the Court while the period was open, on a record in which he had complied with everything required of him and the USMS had filed nothing, and that the Order resolved the request against him without deciding the question. Rule 4(m) makes the extension mandatory once good cause is shown; a denial that neither finds good cause absent nor explains why the showing was insufficient is a denial without the determination the rule calls for, and it is contrary to law for that reason. It leaves Plaintiff in the position of having asked for the protection the rule provides, having been refused it without reasons, and having no finding he can point to when November 12 arrives. If service is then incomplete, the burden of showing good cause — of reconstructing, after the fact and without the USMS's records, why officers of the Court did not do what the Court ordered — will fall on the one participant who complied. That is a redistribution of effort that the motion was filed to avoid and that a timely finding would have made unnecessary. Plaintiff respectfully objects.

**D. The Order cannot be reconciled with the Order entered the day before.**

22. On October 15, the Court struck Plaintiff's exhibits as premature on the stated ground that "[s]ervice on Defendant has not been completed." ECF No. 19 at 2. On October 16, the Court denied Plaintiff's request for an accounting on the stated ground that "[t]he absence of a return of service on the docket does not establish that service has not been attempted or completed." ECF No. 20 at 2. The record was the same on both days. On the first day the absence of a return was sufficient to establish that service was incomplete, and that finding was used to strike Plaintiff's filing. On the second day the same absence established nothing, and that conclusion was used to deny Plaintiff's motion.

23. Plaintiff does not ask the Court to say which day was right. He observes that both cannot be, and that on either reading one of the two Orders rests on a clearly erroneous view of the same fact. If service has not been completed, as ECF No. 19 finds, then the Rule 4(m) period is running against Plaintiff with twenty-three days remaining, and an accounting of why is not "unnecessary." If the absence of a return establishes nothing, as ECF No. 20 holds, then the ground on which ECF No. 19 struck Plaintiff's exhibits was equally unestablished. Plaintiff respectfully objects to the inconsistency, and to the fact that in each instance it

was resolved against the party who had complied with every order directed to him.

**E. The Order supplies, on the Marshals' behalf, an account the Marshals have not given.**

24. Plaintiff raises this objection with care, because it concerns the posture of the tribunal rather than the text of a rule, and because he has no wish to be understood as questioning the good faith of the Magistrate Judge. He questions the process. The USMS is an officer of this Court and a party to no part of this case. It was given a direct order with a date. The date passed. It has filed nothing — no return, no status, no request for time. The only account of what the Marshals have done, or of how long their work ordinarily takes, that exists anywhere in this record was written by the Court, in an order denying Plaintiff's request that the Marshals be made to speak for themselves.

25. A neutral tribunal does not need to supply the explanation that an officer before it has declined to give. When it does, the record no longer distinguishes the Court's view from the officer's, and the litigant who asked for an account is left to argue with the bench rather than with the Marshal. That is the position this Order places Plaintiff in. He would prefer to put the question of non-compliance to those who have not complied, and to ask them for its reason, rather than to

object to an order of this Court. It is an unfortunate position, and not one Plaintiff wished to occupy; but with no other avenue of relief open to him, he is compelled to. He asks only that the Marshal be required to appear on paper and say what was done, so that the Court may judge it, rather than that the Court describe what was probably done so that no one need judge it at all.

**V. Prejudice**

26. The prejudice is not abstract. Under Rule 12(a)(2), Defendant's sixty days to respond run from service on the United States Attorney — the one recipient the Court noted could be served by hand, in the same building, on the first day. ECF No. 13 at 4 n.3. Every day that service remains uncompleted and unaccounted for is a day added to the end of this case, and Plaintiff cannot move it forward by any act of his own; the Court has already ruled that exhibits are premature until Defendant responds, ECF No. 19, and Defendant cannot respond until served. Plaintiff is held to the strict form of every filing he makes — a notice is not a motion, ECF No. 19 at 3; exhibits before a response are stricken, *id.* at 2 — and he does not object to being held to it. He objects to being the only participant in this case who is.

27. Plaintiff is a United States Navy veteran who continues to live with unresolved injuries originating during military service. Plaintiff experiences significant physical limitations, requires a cane for mobility, and participates in ongoing physical therapy in an effort to recover function. Although Plaintiff's characterization of discharge has prevented formal recognition of disabled-veteran status by the Navy, the underlying physical injuries and resulting limitations remain.

28. Plaintiff raises these circumstances not to request preferential treatment, but to establish the substantial disparity in resources and practical burdens between the parties responsible for complying with the Court's directives.

29. Proceeding pro se and in forma pauperis, Plaintiff has nevertheless complied with the Court's requirements through sustained personal effort, notwithstanding financial hardship, physical limitations, and the expense and difficulty of preparing and submitting the required filings. The service copies were supplied when ordered. ECF No. 10. The notice of expiration was filed the day after the period ran. ECF No. 16. The motion followed within nine days. ECF No. 18. This objection is filed four days after the Order it objects to.

30. The United States Marshals Service, by contrast, is an established federal institution possessing personnel, administrative infrastructure, and resources dedicated to carrying out its statutory responsibilities. The Court expressly directed that service be completed within fourteen days.

31. If Plaintiff, operating under these substantial constraints, can comply with the Court's directives, Plaintiff respectfully questions why a federal institution should receive the practical benefit of a substantially longer period without providing any case-specific explanation for its inability to comply. Plaintiff has understood from the first day of this case that a single missed deadline would place his position at risk, and that no one would write an order explaining, on his behalf, that pro se filings generally take longer.

32. The issue is not whether administrative delays are possible. The issue is whether an administrative expectation can substitute for demonstrated compliance with a judicial directive.

33. A presumption of regularity cannot itself establish the factual occurrence of an act whose completion remains undocumented. Nor should generalized institutional practice be treated as a sufficient substitute for an accounting when compliance with an express judicial order is the very matter in dispute.

34. Plaintiff respectfully requests that the Court apply consistent standards of procedural accountability and require the United States Marshals Service to identify the status of service, any impediments to compliance with the original directive, and the anticipated date upon which service will be completed.

35. The officers directed to serve his complaint were given fourteen days and a footnote telling them one recipient was downstairs. Twenty-nine days later, the Court has excused the delay on their behalf, without hearing from them, and declined to extend the time that is running against the only party who has complied. The effort of accounting for the Marshals' performance has been moved from the Marshals, who hold the receipts, to Plaintiff, who does not, and from the present, when it would cost a page, to a future in which it will be contested. That is avoidable effort, avoidably redistributed.

36. There is a simple way to resolve this that costs the USMS nothing it does not already possess. Its receipts exist, or they do not. A one-page statement of dispatch dates and methods, filed within seven days, would answer every question the motion raised, would allow the Court to make the Rule 4(m) finding on an actual record rather than an estimate, and would either confirm that service is proceeding — in which case Plaintiff will have lost nothing but his concern

— or reveal that it is not, in which case the Court will have learned so within a week of its order rather than on November 30.

**VI. Request for expedited consideration**

37. Plaintiff requests expedited consideration under the Court's inherent authority because the Rule 4(m) period ends on November 12, 2026, and the Order objected to has left that date unaddressed and unextended. A ruling after November 12 may leave the question of good cause to be litigated retrospectively, which serves no one.

**WHEREFORE**, Plaintiff respectfully requests that the District Judge: (1) sustain this objection and set aside paragraph 1 of the Order of October 16, 2026, ECF No. 20, as clearly erroneous and contrary to law; (2) extend the time for service, now and before the Rule 4(m) period expires on November 12, 2026, through and including December 14, 2026, or to such later date certain as the Court sets after the status of service is known, and find — on the present record or upon the statement requested in (3) — that Plaintiff has not caused the delay in service reflected in this record and that delay attributable to the United States Marshals Service constitutes good cause; (3) direct the United States Marshals Service to file, within seven (7) days, a statement under penalty of perjury setting out, as to each recipient identified in ECF

No. 13 ¶¶ 4–6, the date and method of dispatch or personal delivery, any registered or certified mail article number, the date and content of any return or receipt obtained, any impediment to compliance with ECF No. 13, and the anticipated date on which service will be completed; (4) in the alternative, and before any reliance is placed on the finding that service by the USMS "generally requires approximately thirty to forty-five days," afford Plaintiff the opportunity to be heard on that fact under Federal Rule of Evidence 201(e); (5) consider this objection on an expedited basis in light of the November 12, 2026 date; and (6) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 20, 2026

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

**CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(B)–(C)**

No conference was possible. Defendant has not been served and has not appeared, and the United States Marshals Service is not a party. Plaintiff has been diligently

waiting for service to be perfected so that he may confer with counsel for Defendant on this objection and on any other matter, and will do so promptly upon appearance. The will to confer is present; the inability to do so is a consequence of the delay in service that is the subject of this objection, not of any choice by Plaintiff.

## CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.1(F)

This objection and incorporated memorandum, from the caption through the prayer for relief, contain 4,503 words, as counted by the word-processing software used to prepare it, which is fewer than the 8,000 words permitted by Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

No party has appeared, and there is no one to be served under Rule 5(a). Plaintiff has filed this objection with the Clerk of Court by hand delivery on the date shown above. Should the Court wish the United States Marshals Service to receive a copy, Plaintiff respectfully requests that the Clerk provide one, as the USMS is an officer of the Court and not a party on whom Plaintiff may serve papers.

____________________________________
Osei A. Harper