**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V. Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**

**_______________________________/**

# ORDER

Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Incorporated Memorandum, and Request for Expedited Consideration, ECF No. 23, is before the Court. Plaintiff requests an accounting concerning service by the United States Marshals Service (USMS), clarification of the Court's prior orders, an extension of the period for service, and additional directions to complete service. The Court previously denied Plaintiff's motion for an accounting and extension of time. ECF No. 20. Plaintiff's objections to that order were overruled. ECF No. 22.

Page 2 of 3

Plaintiff is proceeding in forma pauperis and provided the required service copies of the amended complaint. ECF Nos. 6, 10. On September 21, 2026, the Court directed that the summons and amended complaint be forwarded to the USMS for service. ECF No. 13. That order also directed the Clerk of Court to return the file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026. ECF No. 13. The November 30 date is the deadline for returning the file for review; it is not an extension of the time for service under Rule 4(m).

The absence of a return on the docket does not establish whether service was attempted or completed. Rule 4(l)(3) provides that '[f]ailure to prove service does not affect the validity of service.' Fed. R. Civ. P. 4(l)(3). The Court previously explained that service by the USMS generally requires thirty to forty-five days to complete. ECF No. 20 at 2. Plaintiff's disagreement with that explanation does not warrant another accounting order, a determination concerning the presumption of regularity, or further clarification of the Court's prior orders at this time.

Plaintiff also seeks an extension of the Rule 4(m) period before its expiration on November 12, 2026. The expiration of that period does not automatically dismiss the action. Fed. R. Civ. P. 4(m). If the USMS fails to

accomplish service through no fault of a plaintiff proceeding in forma pauperis, that failure constitutes good cause for an extension of the service period. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). The present record does not yet establish whether service has failed, and no dismissal under Rule 4(m) is before the Court. The Court will review the service status upon return of the file and address any need for an extension or further direction at that time. Plaintiff has not established a basis for the additional relief he presently requests.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Incorporated Memorandum, and Request for Expedited Consideration, ECF No. 23, is **DENIED** without prejudice to further consideration of service upon return of the file.

2. The Clerk of Court shall return the file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than **November 30, 2026**, as previously directed. ECF No. 13.

**DONE AND ORDERED** on November 12, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**